

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :    SEALED AFFIRMATION
                                    :    AND APPLICATION
         - v. -                     :
                                    :    13 Cr.     (RPP)
ANDREW WEPRIN,                      :
                                    :    12 Mag. 3169
                    Defendant.      :
                                    :
- - - - - - - - - - - - - - - - - -x
```

Daniel C. Richenthal hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1.  I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and as such, I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that filings and other docket entries in the above-captioned matter be maintained and filed under seal, and that the case be captioned <u>United States</u> v. <u>John Doe</u> in the public docket.

2.  On December 11, 2012, the defendant was arrested on a Complaint charging him with one count of conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846. The same day, the defendant was presented and ordered released on certain conditions.

3.  Subsequent to the defendant's arrest, the defendant indicated an intent to cooperate with the Federal Bureau of Investigation ("FBI") and Government and to work proactively,

including by making phone calls and/or meeting with one or more co-conspirators. The defendant and his counsel subsequently signed a letter memorializing this intent (without the guarantee of a cooperation agreement).

4. On December 12, 2012, the defendant met with the Government pursuant to a proffer agreement. During this meeting, counsel for the defendant expressed concern that keeping the docket of the defendant's case public might lead to those against whom the defendant may seek to cooperate learning of his federal case, which might be an impediment to successful proactive assistance. Based on this proffer, and discussions with the FBI, the Government believed that sealing of the docket was warranted and in the public interest, and accordingly submitted an application to United States Magistrate Judge Frank Maas requesting that the Complaint and all other filings be sealed. Judge Maas signed the requested order on or about December 14, 2012 (the "December 14 Order"). A copy of the Government's application, and the December 14 Order, is enclosed herewith as Exhibit A.

5. Since the December 14 Order, the defendant has continued to cooperate with the FBI, including by making monitored and/or recorded purchases of controlled substances from multiple targets of investigation. Based on its conversations with the FBI, the Government understands that the defendant will continue to be asked to provide proactive assistance, and that making public

federal charges against the defendant is likely to hinder that assistance. The Government accordingly submits this application.

6. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket can be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under the pseudonym "John Doe," and maintaining under seal all filings in the case, including the Complaint, is equivalent to making a sealed entry in the docket sheet.

7. Based on the investigation to date, the Government submits that compelling law enforcement interests support an order

directing that filings and other docket entries in this case be made under seal. The investigative targets who are the subject of the defendant's proactive assistance have included and continue to include multiple involved in narcotics trafficking. Based on the apparent sophistication of certain of these targets (at least one of whom has been involved in the criminal system previously), at least certain such targets might seek to determine whether the defendant has a pending federal case, which would provide an incentive for the defendant to work with law enforcement. An order sealing filings and other docket entries in this case would reduce the risk that the defendant's incentive to assist-and therefore, assistance-would be exposed.

    8.   The charges against the defendant will not be kept sealed indefinitely, however. The Government anticipates that, once his assistance leads to charges against the targets of the investigation, and no further proactive assistance is forthcoming, the filings in this case may be unsealed (to the extent not inconsistent with the defendant's safety), and the docket sheet could reflect the true caption of this case. At that time, the Government will move this Court for an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

    9.   Accordingly, the Government requests that filings and other docket entries in the above-captioned case, including all

prior filings, this Affirmation, and any order issued in connection with it, be filed and maintained under seal, and that the case be captioned <u>United States</u> v. <u>John Doe</u> in the public docket, until further order of the Court.

10. No prior request for the relief set forth herein has been made, other than the request that led to the December 14 Order. Defense counsel has reviewed and consents to this application.

Dated:  New York, New York
        April 10, 2013

_____
Daniel C. Richenthal
Kristy J. Greenberg
Assistant U.S. Attorneys
Southern District of New York
(212) 637-2109/2469

5

# Exhibit A

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                     :
UNITED STATES OF AMERICA             :    **SEALED AFFIRMATION**
                                     :    **AND APPLICATION**
          - v. -                     :
                                     :    12 Mag. 3169
ANDREW WEPRIN,                       :
                                     :
          Defendant.                 :
                                     :
- - - - - - - - - - - - - - - - - - -x

      Daniel C. Richenthal hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

      1.   I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and as such, I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that filings and other docket entries in the above-captioned matter be maintained and filed under seal, and that the case be captioned <u>United States</u> v. <u>John Doe</u> in the public docket.

      2.   On December 11, 2012, the defendant was arrested on a Complaint charging him with one count of conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846. The same day, the defendant was presented and ordered released on certain conditions.

      3.   Subsequent to the defendant's arrest, the defendant indicated an intent cooperate with the Federal Bureau of Investigation ("FBI") and Government and to work proactively,

including by making phone calls and/or meeting with one or more co-conspirators. The defendant and his counsel subsequently signed a letter memorializing this intent (without the guarantee of a cooperation agreement).

4.  Yesterday, December 12, 2012, the defendant met with the Government pursuant to a proffer agreement. During this meeting, counsel for the defendant expressed concern that keeping the docket of the defendant's case public might lead to those against whom the defendnat may seek to cooperate learning of his case, which might be an impediment to successful proactive assistance. Based on this proffer, and discussions with the FBI, the Government believes that sealing of the docket is warranted and in the public interest, and accordingly submits this application.

5.  Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure

for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket can be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under the pseudonym "John Doe," and maintaining under seal all filings in the case, including the Complaint, is equivalent to making a sealed entry in the docket sheet.

      6. Based on the investigation to date, compelling law enforcement interests support an order directing that filings and other docket entries in this case be made under seal. The investigative targets who are the subject of the defendant's discussions with law enforcement and potential proactive assistance include multiple involved in narcotics trafficking, including an individual believed to supply hundreds of ecstasy pills at a time, and an individual believed to be regularly selling cocaine. Based on the apparent sophistication of certain of these targets, at least certain such targets, if approached by the defendant, might seek to determine whether he has a pending federal case, which would provide an incentive for the defendant to work with law enforcement. An order sealing filings and other docket entries in this case would reduce the risk that the defendant's incentive to assist-and therefore, assistance-would be exposed.

7.   The defendant's charges against the defendant will not be kept sealed indefinitely, however.  The Government anticipates that, once his assistance leads to the prosecution of the targets of the investigations, the filings in this case may be unsealed (to the extent not inconsistent with the defendant's safety), and the docket sheet could reflect the true caption of this case.  At that time, the Government will move this Court for an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

8.   Accordingly, the Government requests that filings and other docket entries in the above-captioned case, including all prior filings, this Affirmation, and any order issued in connection with it, be filed and maintained under seal, and that the case be captioned <u>United States</u> v. <u>John Doe</u> in the public docket, until further order of the Court.

9.   No prior request for the relief set forth herein has been made.  Defense counsel consents to this application.  The

4

Chief of the Narcotics Unit of the United States Attorney's Office concurs with this application.

Dated:    New York, New York
          December 13, 2012

*[signature]*

Daniel C. Richenthal
Kristy J. Greenberg
Assistant U.S. Attorneys
Southern District of New York
(212) 637-2109/2469

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :    SEALED ORDER
                                   :
          - v. -                   :
                                   :    12 Mag. 3169
ANDREW WEPRIN,                     :
                                   :
               Defendant.          :
- - - - - - - - - - - - - - - - - -x
```

WHEREAS, an application has been made by the United States of America, with the defendant's consent, for the temporary sealing of filings and other docket entries in the above-captioned case, and the captioning of the case as <u>United States</u> v. <u>John Doe</u> in the public docket;

WHEREAS, the Court finds that an active law enforcement investigation may be compromised if the Government's application is not granted, and that the public interest weighs in favor of sealing;

IT IS HEREBY ORDERED that filings in the above-captioned case be maintained and filed under seal, including all prior filings, including the Complaint, and the case shall be captioned as <u>United States</u> v. <u>John Doe</u> in the public docket, until further order by this Court;

IT IS FURTHER ORDERED that no public docket entries shall be made in the above-captioned matter until further Order by this Court; and

IT IS FURTHER ORDERED that counsel for the defendant and

the Government may be provided a copy of transcripts of proceedings in this matter and filings of the Court, including this Order, and the Application in support, without further Order of the Court; and

IT IS FINALLY ORDERED that the Government shall report to the Court on or before six months after execution of this Order regarding the continuing need, if any, to maintain these matters under seal.

SO ORDERED:

Dated: New York, New York
December 14, 2012

/S/ Frank Maas
THE HONORABLE FRANK MAAS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

2